

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

WK:EL
F. #2023R00624

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 1, 2023

<u>By ECF</u>

The Honorable Ramon E. Reyes, Jr.
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    <u>United States v. Reggie Rivas</u>
                  <u>Docket No. 23-MJ-780</u>

Dear Judge Reyes:

        The government respectfully submits this letter in support of its application for the detention of the defendant Reggie R. Rivas, who will be presented today on a complaint charging him with knowingly and intentionally obstructing, delaying and affecting commerce, and the movement of articles and commodities in commerce, by robbery. As described below, the defendant robbed at least four small businesses while using what appeared to be a handgun to threaten and intimidate the store clerks into giving him the businesses' cash. Detention is the only means by which to protect the public.

I.       <u>Factual Background</u>

      A.      <u>Offense Conduct</u>

        Between June and August 2023, Rivas committed at least four robberies with what appeared to be a handgun, systematically terrorizing local businesses in the Far Rockaway neighborhood of Queens, New York and jeopardizing the sense of safety and security to which the community, and visitors who frequent these and other small businesses nearby throughout the summer are entitled to. The targeted stores were all located on or around Beach Channel Drive, a busy street filled with small businesses and residential homes.

        On July 6, 2023, at approximately 1:50 a.m., Rivas robbed a local convenience store on Beach Channel Drive (the "Convenience Store"). Video surveillance and witness reports reveal that Rivas, who concealed his face with a white mask, accessed the Convenience Store through a side entrance not accessible to the public. After entering the store, Rivas brandished what appeared to be a white and black handgun at an employee, forced that employee to the cash register, and stole approximately $3,700. After taking the money, Rivas escaped

through the same side door he entered through and fled on foot. Rivas left his cellular phone outside of the side door, which subscriber information is tied to him. See Complaint ¶¶ 2-3.

On July 18, 2023, only twelve days later, at approximately 8:10 p.m., Rivas robbed a BP gas station located on Beach Channel Drive (the "Gas Station"). Witnesses reported that Rivas entered the Gas Station and again brandished what appeared to be a handgun at the Gas Station attendant before stealing approximately $250 from the cash register. Rivas then fled on a bicycle with an orange inner back rim. Id., ¶ 4.

On July 26, 2023, only eight days after the July 18 Gas Station robbery, at approximately 2:48 a.m., Rivas robbed a bodega located on Beach Channel Drive (the "Bodega"). Surveillance footage of the robbery revealed that Rivas once again brandished what appeared to be a white and black handgun at the cashier, this time demanding "give me the money." He then stole approximately $500 from the cash register and fled on his bicycle. Id., ¶ 5.

On August 13, 2023, at approximately 2:48 a.m., Rivas robbed a chicken restaurant located on Beach 20th Street (the "Chicken Restaurant"). As with the prior robberies, surveillance footage and witness reports revealed that Rivas brandished what appeared to be a white and black handgun at the kitchen staff. To intimidate the Chicken Store employees, Rivas pulled back the slide of the handgun while demanding that they give him money. Rivas stole approximately $750 from the cash register and fled the location on a bicycle. Surveillance footage revealed that Rivas was wearing black sneakers with a purple back and the number 23 in white lettering. Id., ¶ 6.

On August 18, 2023, Rivas was arrested in connection with yet another robbery in Nassau County. Incident to his arrest, Nassau County Police Department ("NCPD") officers seized a white and black imitation handgun that closely resembles the handgun used in the above-described robberies. Rivas was also found at the time of his arrest to be wearing black sneakers with a purple back and the number 23 in white lettering, identical to the ones worn by Rivas in the August 13 Chicken Restaurant robbery. Finally, police seized a bicycle from Rivas with an orange inner back rim that is identical to the bicycle used by Rivas in the July 18 Gas Station Robbery. Id., ¶ 7.

During an interview with law enforcement, Rivas admitted to committing several robberies and identified himself in surveillance images from the July 6, 2023 Convenience Store robbery, the July 18, 2023 Gas Station robbery and the August 13, 2023 Chicken Restaurant robbery. He also identified his bicycle in a surveillance photograph shown to him from the July 26, 2023 Bodega robbery. Rivas told law enforcement that the gun he used in the robberies was an imitation firearm that he purchased online. Id. ¶¶ 8-12.

Since his August 18 arrest, Rivas has been detained in Nassau County.

II.     Legal Standard

Under the Bail Reform Act, federal courts are empowered to order a defendant's detention pending trial upon a determination that "no condition or combination of conditions would reasonably assure the appearance of the person as required and the safety of any other

person and the community[.]" 18 U.S.C. § 3142(e). A finding of dangerousness must be supported by clear and convincing evidence. See 18 U.S.C. § 3142(f); see also United States v. Ferranti, 66 F.3d 540, 542 (2d Cir. 1995). A finding of risk of flight must be supported by a preponderance of the evidence. See 18 U.S.C. § 3142(f); see also United States v. Jackson, 823 F.2d 4, 5 (2d Cir. 1987).

Whether detention is sought on the basis of flight or dangerousness, the Bail Reform Act lists four factors to be considered in the detention analysis: (1) the nature and circumstances of the crimes charged, (2) the history and characteristics of the defendant, (3) the seriousness of the danger posed by the defendant's release and (4) the weight of the evidence against the defendant. See 18 U.S.C. § 3142(g).

Where the evidence of guilt is strong, it provides "a considerable incentive to flee." United States v. Millan, 4 F.3d 1038, 1046 (2d Cir. 1993); see also United States v. Palmer-Contreras, 835 F.2d 15, 18 (1st Cir. 1987) (per curiam) (where "the evidence against defendants is strong, the incentive for relocation is increased").

III.    The Defendant Should Be Detained Pending Trial

The factors specified in the Bail Reform Act weigh in favor of Rivas's detention.

A.    Rivas' Release Would Pose a Danger to the Community

Rivas's conduct was serious and dangerous. While the gun used to commit the robberies was an imitation firearm, Rivas relied on the threat of violence imposed by brandishing what appeared to be a handgun to intimidate his victims. By displaying a firearm, Rivas sought to instill fear in his victims and he successfully forced them to comply with his demands. Moreover, Rivas systematically committed the robberies on a busy street in Far Rockaway that contains both businesses and residential homes. The impact of his routine and repeated robberies—all of which were committed in stores located within two miles of one another—on both local families and businesses is significant, particularly in light of increased fear in New York City neighborhoods about the threats posed by gun violence. See The Blueprint to End Gun Violence, https://www.nyc.gov/assets/home/downloads/pdf/press-releases/2022/the-blueprint-to-end-gun-violence.pdf ("Gun violence is an epidemic that does not discriminate."); see also Gun violence interrupters talk about lasting impacts of shootings, July 25, 2023, https://pix11.com/news/crime/gun-violence-advocates-talk-about-lasting-impacts-of-shootings/ (noting that "gun violence survivors – including family members, neighbors and witnesses – experience nightmares, have trust issues or fear people coming up behind them.").

Here, the tool Rivas used to accomplish his robberies terrorized his victims because they believed he had a functioning gun with which he could shoot and or kill them. It was so effective that in the August 13, 2023 Chicken Restaurant robbery, Rivas even cocked back the slide of the gun to indicate that the gun was loaded. Ultimately, while the gun Rivas possessed was an imitation weapon, its intended consequence of instilling fear in his victims was very real. The impact of his conduct on the community he repeatedly victimized, and its ongoing impact, cannot be underestimated. Rivas should be detained to protect the community from further such acts pending his trial.

      B.      The Evidence Is Overwhelming

The proof of Rivas' guilt is overwhelming. Physical evidence recovered from Rivas is consistent with his commission of the above-described robberies. First, his cell phone was found directly outside of the side door of the Convenience Store he robbed on July 6, 2023. The imitation firearm found in his possession—which he admitted to using during the robberies—is identical to the firearm seen in surveillance and described by witnesses to the robberies. Rivas was also arrested wearing sneakers identical to those worn by the robber in the August 13, 2023 Chicken Restaurant robbery. Finally, Rivas' bicycle with an orange inner rim is identical to the one used by the robber and captured on surveillance footage from the July 26, 2023 Bodega robbery.

Rivas also admitted to committing a number of robberies and identified himself in surveillance photographs from the July 6, 2023 Convenience Store robbery, the July 18, 2023 Gas Station robbery and the August 13, 2023 Chicken Restaurant robbery. He also identified his bicycle in a surveillance photograph shown to him from the July 26, 2023 Bodega robbery.

IV.      Conclusion

For all of the foregoing reasons, the government respectfully submits that the defendant should be detained.

                                              Respectfully submitted,

                                              BREON PEACE
                                              United States Attorney

By:    /s/ Elias Laris
        Elias Laris
        Assistant U.S. Attorney
        (718) 254-6599

cc:      Clerk of the Court
          Defense Counsel of Record